IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW C. BICKEL,<br>　　　Plaintiff<br><br>vs.<br><br>JAMES VECHECCO, et al,<br>　　　Defendants | )<br>)<br>)　C.A.No. 09-115 Erie<br>)<br>)　**District Judge Cohill**<br>)<br>)　**Magistrate Judge Baxter**<br>) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I    RECOMMENDATION**

It is respectfully recommended that the motion to dismiss, or alternatively, for summary judgment, filed by Defendant Graml [Document # 14] be granted. It is further recommended that the motion to dismiss filed by Defendant Vechecco [Document # 20] be granted.

It is further recommended that the claims against John and Jane Doe should be dismissed. The Clerk of Courts should be directed to close this case.

**II    REPORT**

　　**A.    Relevant Procedural History**

This action was filed in this Court on May 19, 2009, by way of removal by Defendant Graml.

Plaintiff, a state prisoner, originally brought this civil rights action in the Erie County Court of Common Pleas under 42 U.S.C. § 1983. Plaintiff alleges that his constitutional rights have been violated during his incarceration at the Erie County Prison. Plaintiff alleges that he injured his mouth after he bit into a metal shard in his food, that he received substandard medical/dental care after the injury, and that he was transferred to the Crawford County

Correctional Facility in retaliation for grievances he filed about the dental care.  Plaintiff also alleges that he was denied his constitutional right to a grievance process.[1]

Named as Defendants are: James Vechecco, Warden of Erie County Prison; John Doe and Jane Doe, providers of food products and ingredients to Erie County Prison's kitchen; and Mary Beth Graml, Erie County Prison's Food Service Supervisor.  John and Jane Doe have not been identified or served.

Presently pending before this Court are dispositive motions filed by each of the named Defendants.

### B.   The Allegations

At the Conclusion of his broad complaint, Plaintiff summarizes his Eighth and Fourteenth Amendment claims:

> Erie County Prisons officials are responsible for damaging Plaintiff's two teeth on May 7, 2008 with a metal shard inside food Plaintiff, was eating from the Erie County Prison's kitchen.  Plaintiff has been treated with deliberate indifference and subjected to cruel and unnecessary pain, because of lack of a full time dental service with the means to save Plaintiff's two teeth.
>
> Erie County Prison's dental service only offers two options to Plaintiff, pulling a tooth, or a temporary filling.  This is a violation of Plaintiff's Eighth and Fourteenth Amendment rights.
>
> John Doe #1/Jane Doe #2, the food supplier to Erie County Prison has shown deliberate indifference to Plaintiff by supplying a food product containing foreign objects, that caused Plaintiff's serious pain and suffering, by damaging two of Plaintiff's teeth, leaving the Plaintiff with no dental service available to treat Plaintiff.
>
> Mary Beth Graml, Erie County Prison's kitchen supervisor, prepared the Plaintiff's and other inmates meals, using undertrained inmates to work haistly (sic), in a (sic) unsanitary kitchen causing objects in ingredients to go undected (sic) causing Plaintiff to suffer severe pain and suffering with no means to alleviate Plaintiff's injuries.  This is a violation of Plaintiff's Eighth and Fourteenth Amendment rights.

Document # 37, Plaintiff's Original Complaint, pages 27-28.  Plaintiff also alleges that after he

---

[1] A prisoner has no constitutional right to a grievance procedure.  <u>Rivera v. Pennsylvania Department of Corrections</u>, 2009 WL 3059048, at *2 (3d Cir. 2009); <u>Caldwell v. Beard</u>, 324 Fed.Appx. 186 (3d Cir. 2009).

submitted a grievance complaining about the dental care, he was intentionally transferred to another institution.

Defendants are represented separately. Defendant Graml has filed a motion to dismiss or in the alternative, for summary judgment, while Defendant Vechecco has filed a motion to dismiss. Documents #14, #20, respectively. Plaintiff has filed documents in opposition to both pending dispositive motions. The issues are fully briefed and are ripe for disposition by this Court.

### C.   Standards of Review
#### 1.   *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

## 2.     Motion to dismiss pursuant to 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 95 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 556, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. Aug. 245, 2009) quoting Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 22, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 232, quoting Twombly, 550 U.S. at 556 n.3.

Recently, the Third Circuit expounded on the *Twombly/Iqbal/Phillips* line of cases:

> To prevent dismissal, all civil complaints must now set out sufficient factual matter to show that the claim is facially plausible. This then allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.
>
> * * *
>
> After *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to show such an entitlement with its facts. As the Supreme Court instructed in *Iqbal*, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief. This plausibility requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, 578 F.3d. 203, 210-11(3d Cir. 2009).

### 3. Motion for summary judgment

Federal Rule of Civil Procedure 56(c)(2) provides that summary judgment shall be granted if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Company, 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v.

Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990).  Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial.  Matsushita Elec. Indus. Company v. Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment).  The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim.  Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law.  Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986).  Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Company of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982).  Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson, 477 U.S. at 247-249.

### D. *Respondeat superior*

Defendant Vechecco is sued as the Warden of Erie County Prison and Defendant Graml is sued as the Food Service Supervisor of Erie County Prison.

When a supervisory official is sued in a civil rights action, liability can only be imposed

if that official played an "affirmative part" in the complained-of misconduct.  Ashcroft v. Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949 ("In a § 1983 suit or a *Bivens* action-where masters do not answer for the torts of their servants-the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); Oliver v. Beard, 2009 WL 5031366, at *2 (Dec. 23, 2009); Ali v. Howard, 2009 WL 3809625 (3d Cir. Nov.16, 2009).   It is well established that any supervisor must be personally involved in the alleged misconduct.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Section 1983 liability cannot be predicated solely on *respondeat superior*.  Rizzo v. Goode, 423 U.S. 362 (1976); see also Monell v. Department of Social Services, 436 U.S. 658 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's action); Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-1295 (3d Cir. 1997).

Despite all of the allegations of Plaintiff's lengthy complaint and briefs in opposition to the pending dispositive motions, Plaintiff has not affirmatively alleged any facts supporting the personal involvement of either named Defendant in any of his claims (whether Eighth Amendment[2], Fourteenth Amendment, denial of the grievance process or retaliation) as he must do in order to state a claim. Instead, Plaintiff claims that 1) "undertrained inmates" actually prepared the faulty food and 2) prison "officials" provided inadequate dental services. Defendants Vechecco and Graml are only named in their supervisory capacities.  Merely alleging

---

[2]  Additionally, non-medical prison officials, such as Defendant Warden Vechecco, cannot "be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor. [...] If a prisoner is under the care of medical experts, a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004) quoting Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir.1993).  However, the Third Circuit went on to reason that "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official [...] will not be chargeable with [...] deliberate indifference [under the Eighth Amendment]." Id.

7

that these supervisory Defendants violated his constitutional rights is precisely the formulaic recitation of legal elements that the Twombly Court determined was insufficient to defeat a motion to dismiss.

Accordingly, both motions to dismiss should be granted as Plaintiff has failed to state a claim against either named Defendant.[3]

### E.     John and Jane Doe

The unnamed John and Jane Doe have never been properly identified or served in this case.  These Defendants were named in the original complaint which was filed in this Court on May 19, 2009.  These unnamed Defendants should be dismissed from this case pursuant to Rule 4 of the Federal Rules of Civil Procedure,[4] as these parties have not been served within 120 days of the date on which he/she was named as a Defendant in this case.

Accordingly, the claims against John and Jane Doe should be dismissed.

## III    CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion to dismiss, or

---

[3] Throughout his complaint, Plaintiff complains about the customs and policies of Erie County Prison.  A municipality or county can be held liable for civil rights violations if a plaintiff establishes that the challenged conduct was a result of a government entity's official policy, custom or practice.  Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).  To state a viable claim under §1983 against a government entity, a plaintiff must allege that he was injured as the result of a "policy or custom" of the entity-defendant.  Id. at 691.  Here, Plaintiff has not named any government entity as a party to this lawsuit.  A *Monell* claim is only appropriate as to a government entity defendant and not individuals.  See Moriarty v. Rendell, 2009 WL 1458201, at * 3 (M.D.Pa., May 26, 2009) ("The *Monell* standard, however, applies to the liability of municipalities, not individuals.").

[4] Rule 4(m) provides that Defendants must be served within 120 days from the filing of the complaint.

alternatively, for summary judgment, filed by Defendant Graml [Document # 14] be granted. It is further recommended that the motion to dismiss filed by Defendant Vechecco [Document # 20] be granted.

It is further recommended that the claims against John and Jane Doe should be dismissed. The Clerk of Courts should be directed to close this case.

In accordance with Fed.R.Civ.P. 72, the parties are allowed fourteen (14) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. No extensions of time will be granted. Failure to file timely objections may constitute a waiver of appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

                    S/ Susan Paradise Baxter
                    SUSAN PARADISE BAXTER
                    United States Magistrate Judge

Dated: February 22, 2010