# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW BICKEL, | ) | |
|     Plaintiff, | ) | Civil Action No. 09-115 Erie |
| | ) | |
| v. | ) | District Judge Cohill |
| | ) | |
| JAMES VESHECCO, | ) | Magistrate Judge Baxter |
|     Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the motions to dismiss filed by Defendant Veshecco [ECF Nos. 58 and 64] be granted and the Clerk of Courts should be directed to close this case.

**II.    REPORT**

  **A.  Relevant Procedural History**

This civil action was filed in this Court on May 19, 2009. Plaintiff, a state prisoner, originally brought this civil rights action in the Erie County Court of Common Pleas under 42 U.S.C. § 1983. Plaintiff alleges that his constitutional rights were violated during his incarceration at the Erie County Prison. Plaintiff alleges that he injured his mouth after he bit into a metal shard in a cookie, that he received substandard medical/dental care after the injury, and that he was transferred to the Crawford County Correctional Facility in retaliation for grievances he filed about this dental care. Plaintiff also alleged that he was denied his constitutional right to a grievance process.

Originally named as Defendants were: James Veshecco, Warden of the Erie County Prison; Mary Beth Graml, the Food Service Supervisor at Erie County Prison; and John Doe and Jane Doe[1], providers of food products and ingredients to Erie County Prison's kitchen.

On February 22, 2010, the undersigned issued a Report and Recommendation recommending that this case be dismissed against all Defendants. ECF No. 38. By Order dated March 30, 2010, District Judge Cohill rejected the Report and Recommendation noting that "the Report and Recommendation does not address whether amendment of the complaint would be futile." ECF No. 44.

Further briefing by the parties ensued. By Report and Recommendation issued February 2, 2011, the undersigned recommended that the motion to dismiss/motion for summary judgment filed by Defendant Graml be granted and that Graml be dismissed from the case entirely. Further, it recommended that the motion for summary judgment filed by Defendant Veshecco should be granted as to the food contamination and inadequacy of dental care claims, but denied as to the retaliation claim. It was also recommended that Plaintiff's claim regarding the denial of his access to the grievance process be dismissed *sua sponte*. This Court directed that Plaintiff should be allowed to amend his complaint to name a government entity defendant as to a Monell claim. ECF No. 52.

By Order dated March 16, 2011, District Judge Cohill adopted the Report and Recommendation as the opinion of the court. By doing so, Defendant Graml was dismissed from this action entirely and Plaintiff's claims of food contamination, inadequacy of dental treatment, and denial of access to the grievance process were also dismissed in their entirety. Plaintiff's retaliation claim against Defendant Veshecco remained and Plaintiff was ordered to

---

[1] John and Jane Doe were dismissed from this action pursuant to Rule 4 of the Federal Rules of Civil Procedure. See ECF Nos. 38, 44.

file an amended complaint naming a government entity defendant as to a Monell claim. ECF No. 55.

Thereafter, Plaintiff filed an Amended Complaint on March 21, 2011. The Amended Complaint names both Graml and Veshecco and restates the original claims which had been dismissed. Plaintiff makes no mention of the retaliation claim and fails to identify a government entity defendant. ECF No. 57.

On May 2, 2011, Defendant Veshecco filed a Motion to Dismiss the Amended Complaint arguing that Plaintiff had abandoned his retaliation claim and failed to name an entity defendant. ECF No. 58.

In response to the Motion to Dismiss, Plaintiff filed an Opposition Brief (ECF No. 62), as well as another **proposed** Amended Complaint (ECF No. 61). This proposed Amended Complaint is similar to the Amended Complaint restating the previously dismissed claims against Graml and Veshecco, apparently discontinuing the retaliation claim, and failing to name a government entity. Defendant Veshecco filed another motion to dismiss. ECF No. 64.

### B. Standards of Review
#### 1) *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552,

555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

### 2)  Motion to dismiss pursuant to 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint.  See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also

4

McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) quoting Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

The Third Circuit subsequently expounded on the Twombly/Iqbal/Phillips line of cases:

> To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible. This then 'allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.'
>
> * * *
>
> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to 'show' such an entitlement with its facts. As the Supreme

5

> Court instructed in Iqbal, '[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief.' This 'plausibility' requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (emphasis added) (internal citations omitted).

### C. The Retaliation Claim

In his Original Complaint, Plaintiff alleges that after he submitted a grievance challenging his dental care, he was intentionally transferred to another institution. ECF No. 37, pages 27-28.[2]

In his Amended Complaint filed March 21, 2011, Plaintiff does not assert a retaliation claim. ECF No. 57. Additionally, in his **proposed** Amended Complaint filed June 2, 2011, there is no allegation of retaliation or retaliatory transfer. ECF No. 61. This Court must presume that Plaintiff no longer wishes to pursue his retaliation claim.

Accordingly, Defendant Veshecco's motions to dismiss should be granted.

### D. The Monell Claim

During this lengthy litigation, the *pro se* plaintiff's filings have been liberally construed per Haines v. Kerner and its progeny. As explained in the previous Report and Recommendation:

---

[2] In his last motion for summary judgment, Defendant Veshecco argued that the claim should be dismissed because Plaintiff had not sustained any damages. ECF No. 21, page 9. As this Court iterated in its Report and Recommendation dated February 2, 2011, Defendant Veshecco's motion was denied because Third Circuit precedent does not require that an inmate suffer damages from an allegedly retaliatory transfer. ECF No. 52.

6

> Throughout his complaint, Plaintiff repeatedly complains about the customs and policies of Erie County Prison. A municipality or county can be held liable for civil rights violations if a plaintiff establishes that the challenged conduct was a result of a government entity's official policy, custom or practice. Monell, 436 U.S. at 694. A *Monell* claim is only appropriate as to a government entity defendant and not individual defendants. See Moriaty v. Rendell, 2009 WL 1458201, at *3 (M.D. Pa. 2009) ("The *Monell* standard, however, applies to the liability of municipalities, not individuals."). Here, Plaintiff has not named any government entity as a party to this lawsuit.
>
> This Court liberally construes Plaintiff's complaint as raising custom or practice allegations regarding the provision of dental care based upon economic rather than health considerations. Plaintiff should be allowed to amend his complaint to name a government entity as a defendant on this Monell claim.

ECF No. 52, pages 17-18. In a footnote, it was further explained that in order to state a viable claim under § 1983 against a municipality:

> [A] plaintiff must allege that he was injured as the result of a "policy or custom" of the entity-defendant. Monell, 436 U.S. 691. A "[p]olicy is made when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy or edicts." Andrews v. City of Philadelphia, 895, F.2d 1469, 1480 (3d Cir. 1990). A custom "can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990).

Id. at 17, n13.

Neither Plaintiff's Amended Complaint [ECF No. 57] nor Plaintiff's **proposed** Amended Complaint [ECF No. 61] name a government entity. Additionally, even in his opposition brief, Plaintiff makes no mention of a government entity defendant. The requirements for a Monell could not have been made clearer to Plaintiff: a Monell claim cannot survive without a named defendant. Therefore, any claim of liability based on custom or policy should be dismissed.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that that the motions to dismiss filed by Defendant Veshecco [ECF Nos. 58 and 64] be granted and the Clerk of Courts be directed to close this case.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto.  <u>See</u> Fed.R.Civ.P. 72(b)(2).  Failure to file timely objections may constitute a waiver of appellate rights.  <u>See</u> <u>Brightwell v. Lehman</u>, 637 F.3d 187, 194 n.7 (3d Cir. 2011); <u>Nara v. Frank</u>, 488 F.3d 187 (3d Cir. 2007).

<u>/s/ Susan Paradise Baxter</u>
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: December 8, 2011